■ JANICE CURRY, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority, dated June 30, 1980, and made after a hearing, which found petitioner guilty of misconduct and dismissed her from her position as a railroad clerk. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The determination is supported by substantial evidence and the penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Damiani, J. P., Mangano and Bracken, JJ., concur.

Weinstein, J., dissents and votes to grant the petition, with the following memorandum: There was not substantial evidence to support the finding that petitioner was guilty of the charge preferred against her (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). The evidence presented by respondent demonstrated the existence of quinine and morphine in petitioner's urine. Petitioner's proof established that this was the result of medication (codeine) she was taking at the direction of her physician and her ingestion of tonic water. Although respondent showed that there was no "free" codeine in the urine, respondent failed to establish the absence of codeine in its "conjugated" form. The uncontroverted testimony of petitioner's expert was that codeine would be found "as a conjugated compound" in the urine. Accordingly, there was not substantial evidence to support a finding that the morphine and quinine were in petitioner's urine for other than a valid medical reason, and the petition must be granted.

■ AUGUSTINE DI FRESCO et al., Appellants, v FRANK J. STARIN, Respondent. — Order of the Supreme Court, Queens County (Rodell, J.), dated September 2, 1981, affirmed, with $50 costs and disbursements. No opinion. Defendant's time to furnish plaintiffs with a sworn affidavit by an Allstate Insurance Company representative regarding the nonexistence in either its third-party or its no-fault file, numbered 43F86216 and 43F86217 respectively, of Item Nos. 1, 2, 3 and 4, contained in plaintiffs' notice for discovery and inspection, is extended until 20 days after service upon defendant of a copy of the order to be made hereon, with notice of entry. Damiani, J. P., Mangano, Weinstein and Bracken, JJ., concur.